Westbrook, J.
On the 23d day of April, 1883, the Hon. William L. Thornton, the county judge of Sullivan county, made an order that Andrew Campbell deliver over to Benjamin Case, as the supervisor of the town of Forestburgh, Sullivan county, the books and papers belonging to the office of supervisor of such town. From that order an appeal was taken in behalf of Campbell to the general term of this court, and a stay of all proceedings before the county judge, pending such Appeal, was granted by the judge writing this *86 opinion on the 24th of April, 1883. A motion is now made to vacate such stay.
Stays of the character sought to be vacated should not, as will be conceded, be granted unless there is reasonable cause for the appeal. Without intending in the slightest degree to prejudice the .proceeding taken in behalf of Mr. Case, or to criticize the decision of the county judge, it is proposed very briefly and succinctly to state the reasons why such stay should be continued.
Hr. Andrew Campbell, it is admitted, was duly elected supervisor of the town of Forestburgh in Harch, 1882. Both he and the applicant, Benjamin Case, were candidates for the office at the town meeting held Harch 6, 1883. At the close of the poll on that day each, according to the canvass then made, received 105 votes. Two ballots folded closely together were not then opened or counted, and the board adjourned to Harch 10, 1883, for further consultation. On the tenth the ballots were opened and found to be for Case. The board did not decide whether the ballots should be counted or not, being equally divided in opinion.
The provisions of the statutes (1 R. S. [7th ed.], 816, 817), are:
<c Sec. 7. At the close of every election by ballot the presiding officers shall proceed publicly to canvass the votes, which canvass, when commenced, shall be continued without adjournment or interruption until the same be completed.
Sec. 8. Before the ballots are opened they shall be counted . and compared with the poll list, and the like proceeding shall be had as to ballots being folded together, and as to difference in number, as are prescribed in the fourth title of the sixth chapter of this act.
“ Sec. 9. The canvass being completed, a statement of the result shall be entered at length by the clerk of the meeting, in the minutes of its proceedings to be kept by him as before required, which shall be publicly read by him to the meeting, and such reading shall be deemed notice of the result of such *87 election to every person whose name shall have been entered on the poll list as a voter.”
From the foregoing facts and the extracts from the statutes, it will be seen that the county judge did not have before him any certificate or statute evidence showing that Case was elected supervisor. He proceeded, however, by an inquiry into the election to ascertain and determine the result. In other words, he determined that the two ballots folded together should have been counted for Case, and that the board of inspection erred in not so counting them, and in failing to have the clerk record the result as the statute directs. This was, I think, beyond the power of the county judge upon this summary application. If Case had held the legal evidence of election he would have been justified in making the order, and if Campbell had been dissatisfied his remedy would have been an action in the name of the people to recover the office. But in the absence of the prima faoie evidence of Case’s election, there was no power vested in the county judge to ascertain and declare the result of the election (The People agt. Stevens, 5 Hill, 616; see, also, opinion of Kent, Civ. J., in same case in note on pages 633, 634; Matter of Baker, 11 How. Pr. R., 418 ; Matter of Davis, 19 How., 323). When neither party has the legal evidence of his election to office, the remedy of the one desiring to obtain possession is by action.
Ho opinion is expressed upon the merits of the election, nor as to the propriety of the allowance of the votes to Mr. Case, but as to such allowance there is also some question (See sec. 8 of R. S., above quoted also same volume of statutes, pp. 388, 389, sec. 37).
The result of my examination is that the stay should not ' be vacated pending the appeal, as such appeal, in my judgment, presents very reasonable questions for review.
Hots. — The general term reversed, the decision of the county judge in the above case (17 Weekly Digest, 473), thereby sustaining the reasoning of the foregoing opinion.—[Ed.